UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW COPELAND MILLER, | No.  2:26-cv-1937 AC P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA STATE PRISON, et al., | |
| Defendants. | |

Plaintiff is a state inmate who filed this civil rights action pursuant to 42 U.S.C. § 1983 without a lawyer.  He has requested leave to proceed without paying the full filing fee for this action, under 28 U.S.C. § 1915.  Plaintiff has submitted a declaration showing that he cannot afford to pay the entire filing fee.  See 28 U.S.C. § 1915(a)(2).  Accordingly, plaintiff's motion to proceed in forma pauperis is granted.[1]

I.      Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a

---

[1]  This means that plaintiff is allowed to pay the $350.00 filing fee in monthly installments that are taken from the inmate's trust account rather than in one lump sum.  28 U.S.C. §§ 1914(a), 1915(b)(1).  As part of this order, the prison is required to remove an initial partial filing fee from plaintiff's trust account.  See 28 U.S.C. § 1915(b)(1).  A separate order directed to the appropriate agency requires monthly payments of twenty percent of the prior month's income to be taken from plaintiff's trust account.  These payments will be taken until the $350 filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).

governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Id. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted). When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and construe the complaint in the light most favorable to the plaintiff, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

II.     Factual Allegations of the Complaint

The complaint alleges that defendants Jones and Burkhart violated plaintiff's rights under the First, Eighth, and Fourteenth Amendments. ECF No. 1. Plaintiff also appears to name either the Warden at California State Prison (CSP)-Sacramento or the institution itself as a defendant. Id. at 1-2. Plaintiff alleges that on June 29, 2022, defendants Jones and Burkhart assaulted him by punching, kicking, and choking him while he was handcuffed, in retaliation for filing grievances. Id. at 4-6, 9. During the assault, defendants yelled "stop resisting" in order to make the use of force appear justified and one of them told plaintiff to "stop writing up my officers." Id. When other unnamed officers arrived, they joined in the assault. Id. Defendants also refused to let a

2

nurse treat plaintiff's injuries after the assault.  Id.

III.    Claims for Which a Response Will Be Required

After conducting the screening required by 28 U.S.C. § 1915A(a), the court finds that plaintiff has adequately stated a retaliation claim under the First Amendment and excessive force and deliberate indifference to medical needs claims under the Eighth Amendment against defendants Jones and Burkhart.

IV.    Failure to State a Claim

However, the allegations in the complaint are not sufficient to state any claim for relief against either the Warden of CSP-Sacramento or CSP-Sacramento because (1) plaintiff has not alleged any conduct by the warden and (2) the prison cannot be sued under § 1983 because it is not a person.  Plaintiff also indicates that he is attempting to bring a Fourteenth Amendment equal protection claim (ECF No. 1 at 3) but does not allege any facts showing that he was discriminated against because of his membership in a protected class.  It appears to the court that plaintiff may be able to allege facts to fix these problems.  Therefore, plaintiff has the option of filing an amended complaint.

V.    Options from Which Plaintiff Must Choose

Based on the court's screening, plaintiff has a choice to make.  After selecting an option from the two options listed below, plaintiff must return the attached Notice of Election form to the court within 21 days from the date of this order.

**The first option available to plaintiff is to proceed immediately against defendant Jones and Burkhart on the First and Eighth Amendment claims.  By choosing this option, plaintiff will be agreeing to voluntarily dismiss his Fourteenth Amendment equal protection claims and all claims against the Warden of CSP-Sacramento and CSP-Sacramento.  The court will proceed to immediately serve the complaint and order a response from defendants Jones Burkhart.**

**The second option available to plaintiff is to file an amended complaint to fix the problems described in Section IV.  If plaintiff chooses this option, the court will set a deadline in a subsequent order to give plaintiff time to file an amended complaint.**

VI.    Plain Language Summary of this Order for Party Proceeding Without a Lawyer

Some of the allegations in the complaint state claims against the defendants and some do not.  You have stated a claim for retaliation under the First Amendment and claims for excessive force and deliberate indifference to medical needs under the Eighth Amendment against defendants Burkhart and Jones.  You have not stated an equal protection claim under the Fourteenth Amendment against any defendant and you have not stated any claims for relief against the Warden of CSP-Sacramento or against CSP-Sacramento.

You have a choice to make.  You may either (1) proceed immediately on your retaliation, excessive force, and deliberate indifference claims against Burkhart and Jones and voluntarily dismiss the other claims and defendants, or (2) try to amend the complaint.  To decide whether to amend your complaint, the court has attached the relevant legal standards that may govern your claims for relief.  See Attachment A.  Pay particular attention to these standards if you choose to file an amended complaint.

VII.    CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1.    Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2.    Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3.    The complaint does not state any Fourteenth Amendment equal protection claims against any defendant and does not state any claims for which relief can be granted against defendants Warden of CSP-Sacramento or CSP-Sacramento.

4.    Plaintiff has the option to proceed immediately on his First Amendment retaliation claim and his Eighth Amendment excessive force and deliberate indifference claims against defendants Burkhart and Jones as set forth in Section III above, or to file an amended complaint.

5.    Within 21 days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened

4

complaint or whether he wants to file an amended complaint.

6. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of the Fourteenth Amendment equal protection claim and all claims against defendants Warden of CSP-Sacramento and CSP-Sacramento.

DATED: June 8, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MATTHEW COPELAND MILLER,

            Plaintiff,

    v.

CALIFORNIA STATE PRISON
SACRAMENTO, et al.,

            Defendants.

No.  2:26-cv-1937 AC P

NOTICE OF ELECTION

Check one:

_____ Plaintiff wants to proceed immediately on his First Amendment retaliation claim and Eighth Amendment excessive force and deliberate indifference to medical needs claims against defendants Burkhart and Jones without amending the complaint.  Plaintiff understands that by choosing this option, the Fourteenth Amendment equal protection claim and all claims against the Warden of CSP-Sacramento and CSP-Sacramento will be voluntarily dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a).

_____ Plaintiff wants time to file an amended complaint.

DATED:_____

                                _____
                                Matthew Copeland Miller
                                Plaintiff pro se

1

Attachment A

This Attachment provides, for informational purposes only, the legal standards that may apply to your claims for relief. Pay particular attention to these standards if you choose to file an amended complaint.

I.    Legal Standards Governing Amended Complaints

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must specifically identify how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. See Local Rule 220. This is because, as a general rule, an amended complaint replaces the prior complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012). Therefore, in an amended complaint, every claim and every defendant must be included.

II.    Legal Standards Governing Substantive Claims for Relief

    A.  Retaliation

To state a claim for retaliation, a plaintiff must allege defendants (1) took adverse action against plaintiff (2) because of (3) plaintiff's protected conduct, and that the action (4) would chill an inmate of reasonable firmness from future protected conduct and (5) lacked a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

An adverse action is an act (or failure to act) by prison officials which causes harm, and "the mere *threat* of harm can be an adverse action, regardless of whether it is carried out." Brodheim v. Cry, 584 F.3d 1262, 1269-70 (9th Cir. 2009) (emphasis in original). To show

1

defendants retaliated "because of" the plaintiff's actions, the plaintiff must show the defendants were motivated by his protected conduct. See Crawford-El v. Britton, 523 U.S. 574, 592 (1998) (proof of defendant's general animosity toward plaintiff would not necessarily show her conduct was motivated by plaintiff's protected conduct). Protected conduct refers to acts taken by the plaintiff that are protected by the First Amendment and may include lawsuits and grievances, as well as verbal complaints or threats to sue. See Rhodes, 408 F.3d at 567 (prisoners have a First Amendment right to file prison grievances and pursue civil litigation); Shepard v. Quillen, 840 F.3d 686, 688 (9th Cir. 2016) (prisoners have "First Amendment right to report staff misconduct"); Jones v. Williams, 791 F.3d 1023, 1036 (9th Cir. 2015) (threats to sue constitute protected conduct); Entler v. Gregoire, 872 F.3d 1031, 1039 (9th Cir. 2017) (form of complaint, including verbal, "is of no constitutional significance").

### B. Excessive Force

"[T]he Eighth Amendment places restraints on prison officials, who may not . . . use excessive physical force against prisoners." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (citing Hudson v. McMillian, 503 U.S. 1 (1992)). "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6-7 (citing Whitley v. Albers, 475 U.S. 312 (1986)). When determining whether the force was excessive, the court looks to "[1] the extent of injury suffered by an inmate," as well as "[2] the need for application of force, [3] the relationship between that need and the amount of force used, [4] the threat 'reasonably perceived by the responsible officials,' and [5] 'any efforts made to temper the severity of a forceful response.'" Id. at 7 (quoting Whitley, 475 U.S. at 321). While a *de minimis* use of force does not violate the Eighth Amendment, a plaintiff does not have to suffer a serious injury to state a claim for relief. Wilkins v. Gaddy, 559 U.S. 34, 38 (2010) ("An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury.").

////

2

C.  Deliberate Indifference to Medical Needs

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  This requires plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent."  Id. (some internal quotation marks omitted) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)).

A plaintiff can establish deliberate indifference "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference."  Id. (citing McGuckin, 974 F.2d at 1060).  Deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care."  Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988) (citation omitted).

D.  Equal Protection

The Fourteenth Amendment's Equal Protection Clause requires the State to treat all similarly situated people equally.  City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (citation omitted).  "To state a claim for violation of the Equal Protection Clause, a plaintiff must show that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class."  Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (citing Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)).  Alternatively, a plaintiff may state an equal protection claim if he shows similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate government purpose.  Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (citations omitted).

E.  Personal Involvement

"Liability under § 1983 must be based on the personal involvement of the defendant," Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (citing May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980)), and "[v]ague and conclusory allegations of official participation in civil

3

rights violations are not sufficient," Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). In other words, to state a claim for relief under section 1983, plaintiff must link each individual defendant with some affirmative act or omission that shows a violation of plaintiff's federal rights.

Furthermore, "[t]here is no respondeat superior liability under section 1983," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted), which means that a supervisor cannot be held responsible for the conduct of his subordinates just because he is their supervisor. "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Id.

### F. Sovereign Immunity

"[A]n unconsenting State is immune from suits brought in federal courts by her own citizens." Edelman v. Jordan, 415 U.S. 651, 663 (1974) (citations omitted). "[T]he State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal court or state court." Howlett v. Rose, 496 U.S. 356, 365 (1990) (citing Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989)).

4