UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW COPELAND MILLER, | No.  2:26-cv-1937 AC P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA STATE PRISON SACRAMENTO, et al., | |
| Defendants. | |

Plaintiff is a state inmate who filed this civil rights action pursuant to 42 U.S.C. § 1983 without a lawyer.  The undersigned screened the original complaint and plaintiff was given the option of proceeding on his cognizable claims only or amending the complaint.  ECF No. 5. Plaintiff has now filed a first amended complaint.  ECF No. 9.

I.      Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless.  Id. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable

1

legal and factual basis.  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citation omitted).  When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and construe the complaint in the light most favorable to the plaintiff, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

II.    Factual Allegations of the Complaint

The complaint alleges that defendants Warden of California State Prison (CSP)-Sacramento and CSP-Sacramento violated plaintiff's rights under the Eighth and Fourteenth Amendments.  ECF No. 9.  Plaintiff alleges generally that the warden was aware of and disregarded an excessive risk of force to inmates and approved of excessive force being used against restrained inmates because plaintiff reported it at a committee hearing and filed a grievance.  Id. at 3-5.  He also generally alleges that there was a pattern of misconduct between 2020 and 2023.  Id.

III.    Failure to State a Claim

Having conducted the screening required by 28 U.S.C. § 1915A, the court finds that the complaint does not state any valid claims for relief.  Plaintiff has made only general allegations that the warden was aware of officers using excessive force, without any providing any facts that would support such an inference.  Moreover, the prison cannot be sued under § 1983 because it is not a person.  Plaintiff also indicates that he is attempting to bring a Fourteenth Amendment equal

2

protection claim (ECF No. 9 at 4-5) but does not allege any facts showing that he was discriminated against because of his membership in a protected class.  Additionally, despite being advised that the court cannot refer to a prior complaint and that an amended complaint must include every claim and defendant, see ECF No. 5 at 7, plaintiff has failed to follow this instruction and instead appears to be attempting to supplement the original complaint.[1]  Because of these defects, the court will not order the complaint to be served on defendants.

Plaintiff may try to fix these problems by filing an amended complaint.  In deciding whether to file an amended complaint, plaintiff is provided with the relevant legal standards governing his potential claims for relief which are attached to this order.  See Attachment A.  If plaintiff wishes to pursue the claims that were found adequately stated upon screening of his initial complaint— retaliation and excessive force against defendants Jones and Burkhart (see ECF No. 5)—these claims must be included in the amended complaint.

IV.     Legal Standards Governing Amended Complaints

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  The complaint must also allege in specific terms how each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete.  Local Rule 220 requires that an amended complaint be

---

[1]  The original complaint named defendants Jones and Burkhart and appeared to also name the warden of CSP-Sacramento and CSP-Sacramento.  ECF No. 1.  The undersigned found that plaintiff stated cognizable claims for retaliation and excessive force against Jones and Burkhart, but not against the warden or prison.  ECF No. 5.  The amended complaint names only the warden of CSP-Sacramento and CSP-Sacramento and appears to be an attempt to supplement the claims against those defendants.  ECF No. 9.

complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes any prior complaints. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted). Once plaintiff files an amended complaint, any previous complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

V.      Plain Language Summary of this Order for Party Proceeding Without a Lawyer

Your complaint will not be served because the facts alleged are not enough to state a claim. You are being given a chance to fix these problems by filing an amended complaint. If you file an amended complaint, pay particular attention to the legal standards attached to this order. Be sure to provide facts that show exactly what each defendant did to violate your rights. **Any claims and information not included in the amended complaint will not be considered.**

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A, and will not be served.

2. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint."

3. Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

4. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: July 6, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4

Attachment A

This Attachment provides, for informational purposes only, the legal standards that may apply to your claims for relief.  Pay particular attention to these standards if you choose to file an amended complaint.

I.    Legal Standards Governing Amended Complaints

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  Also, the complaint must specifically identify how each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete.  See Local Rule 220.  This is because, as a general rule, an amended complaint replaces the prior complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012).  Therefore, in an amended complaint, every claim and every defendant must be included.

II.    Legal Standards Governing Substantive Claims for Relief

A.  Failure to Protect

"[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities."  Farmer v. Brennan, 511 U.S. 825, 834 (1994) (internal quotation marks and citations omitted).  Second, the prison official must subjectively have a sufficiently culpable state of mind, "one of deliberate indifference to inmate health or safety."  Id. (internal quotation marks and citations omitted).  The official is not liable under the Eighth Amendment unless he "knows of and disregards an

1

excessive risk to inmate health or safety." Id. at 837.  He must then fail to take reasonable measures to lessen the substantial risk of serious harm.  Id. at 847.  Negligent failure to protect an inmate from harm is not actionable under § 1983.  Id. at 835.

### B. Equal Protection

The Fourteenth Amendment's Equal Protection Clause requires the State to treat all similarly situated people equally.  City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (citation omitted).  "To state a claim for violation of the Equal Protection Clause, a plaintiff must show that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class."  Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (citing Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)).  Alternatively, a plaintiff may state an equal protection claim if he shows similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate government purpose.  Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (citations omitted).

### C. Personal Involvement

"Liability under § 1983 must be based on the personal involvement of the defendant," Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (citing May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980)), and "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient," Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).  In other words, to state a claim for relief under section 1983, plaintiff must link each individual defendant with some affirmative act or omission that shows a violation of plaintiff's federal rights.

Furthermore, "[t]here is no respondeat superior liability under section 1983," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted), which means that a supervisor cannot be held responsible for the conduct of his subordinates just because he is their supervisor.

2

"A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Id.

D. Sovereign Immunity

"[A]n unconsenting State is immune from suits brought in federal courts by her own citizens." Edelman v. Jordan, 415 U.S. 651, 663 (1974) (citations omitted). "[T]he State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal court or state court." Howlett v. Rose, 496 U.S. 356, 365 (1990) (citing Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989)).